IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-75,821-01






EX PARTE JEFFERY DEE TAYLOR, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 23,271 IN THE 354TH DISTRICT COURT


FROM HUNT COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual
assault of a child and sentenced to fifty years' imprisonment. The Eighth Court of Appeals affirmed
his conviction. Taylor v. State, No. 08-08-00134-CR (Tex. App.-El Paso, March 10, 2010). 

 Applicant contends that his trial counsel rendered ineffective assistance by failing to object
to the closed circuit television testimony of the complainant when Applicant told counsel he could
not hear the testimony, by failing to object to or limit the use of extraneous bad acts evidence, and
by failing to challenge a juror who stated that he could not consider the full range of punishment.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall obtain a response from Applicant's trial counsel regarding Applicant's claims of ineffective
assistance of counsel. The trial court may use any means set out in Tex. Code Crim. Proc. art.
11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 It appears that the juror in question may have been struck for cause. The trial court shall
make findings as to whether the juror in question actually served on the jury for this trial and
supplement the writ record with the trial court's final jury list for this trial. The trial court shall make
findings of fact as to whether the performance of Applicant's trial attorney was deficient and, if so,
whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any
other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition
of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: May 25, 2011

Do not publish